UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELE MAYER, *f.k.a.*
MICHELE GREGERSON,

        Plaintiff,

Case No. 2:17-cv-12333
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

v.

HOWARD N. WEINER,

        Defendant.
_____/

# OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT (DE 7)

**I. OPINION**

    **A.** *Gregerson v. Gregerson*, **Case No. 2005-710435-DO (Oakland County Circuit Court)**

        **1. Representation by attorney Howard N. Weiner**

An understanding of this case requires a brief review of the underlying state court proceeding, in which a consent judgment of divorce was entered on October 6, 2006, presumably by Judge Joan Young. *Michele Gregerson v. Steven Glen Gregerson*, Case No. 2005-710435-DO (Oakland County Circuit Court). At that time, it appears that Michele Gregerson was represented by attorney Howard N. Weiner.

1

Some years later, during January and February 2014, Michele Gregerson filed motions to enforce the judgment and for modification of spousal support. On February 19, 2014, Steven Glen Gregerson, Plaintiff's former husband, filed a motion for sanctions. On October 14, 2014, the motion for sanctions was granted and the motion to enforce judgment regarding spousal support was denied.

On August 26, 2015, attorney Weiner filed a motion for leave to withdraw. A hearing was conducted in September 9, 2015, and the motion to withdraw was granted. Just a few months later, on December 22, 2015, defense counsel was awarded fees and costs in the amount of $42,864.24. At the time of Judge Young's opinion and order, Plaintiff represented herself.

### 2. Representation by attorney Trish Oleska Haas

Shortly thereafter, on February 11, 2016, Steven Gregerson filed a motion to terminate spousal support, to compel payment of court ordered attorney fees and for other relief. On February 24, 2016, it appears that attorney Trish Haas filed an appearance on behalf of Michele Gregerson. On March 24, 2016, the court entered an order setting Steven Gregerson's motion to terminate spousal support for an evidentiary hearing and providing for the withholding of funds ($35,864.24) from his 2016 bonus. On August 31, 2016, Steven Gregerson filed an amended motion.

On September 9, 2016, the motion to terminate spousal support was settled on the record, and, on October 13, 2016, an order changing spousal support was filed.[1]

On May 19, 2017, Michele Gregerson filed a "motion for malpractice" against her prior counsel. The motion was denied on June 14, 2017.[2]

## 2. Instant Lawsuit

Three days later, Plaintiff Michele Mayer, *f.k.a.* Michele Gregerson, filed the instant "complaint for legal malpractice" *in pro per* against Defendant Howard N. Weiner, her prior legal counsel. (DE 1.) Defendant appeared via counsel on August 3, 2017. (DE 6.)

Judge Michelson has referred this case to me for all pretrial proceedings. Currently before the Court is Defendant's August 10, 2017 motion for a more definite statement. In sum, Defendant contends that Plaintiff's asserted damages – a sanction she was ordered to pay and attorney fees expended – are less than this

---

[1] On October 31, 2016, Michelle Gregerson's new counsel filed a petition for the payment of attorney fees and request for other relief. An evidentiary hearing was conducted on November 16, 2016, and the motion was taken under advisement. On December 7, 2016, Judge Young signed an opinion and order granting in part and denying in part the petition and awarding $22,907.91 in fees and costs to attorney Haas. An appeal of that order is pending in the Michigan Court of Appeals (COA#336850).

[2] Unless otherwise noted, support for this section can be found on the Register of Actions (www.oakgov.com, "Court Explorer") and/or in the instant lawsuit's record (DE 7-2, DE 7-3, DE 7-4, DE 10 at 23-29, 31-32, 34-38, 40-44, 46-47, 49-57, 59, 61-68).

Court's $75,000 jurisdictional minimum, and, as such, she should be "ordered to provide a more definite statement of her damage claim[.]" (DE 7 at 8.)

### 3. Fed. R. Civ. P. 12(e)

Motions for a more definite statement are governed by Fed. R. Civ. P. 12, which provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

"The motion for a more definite statement is not favored, because pleadings are to be construed liberally to do substantial justice." 2-12 Moore's Federal Practice – Civil § 12.36. "In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information." *Id*.

### 4. Discussion

Keeping in mind that "the allegations of the pro se complaint . . . [are held] to less stringent standards than formal pleadings drafted by lawyers . . .[,]" *Haines v. Kerner*, 404 U.S. 519, 520 (1982), and having reviewed Plaintiff's complaint

and the motion papers, I conclude that Defendant's motion for a more definite statement should be denied. This is so, because Plaintiff's complaint satisfies Fed. R. Civ. P. 8's *notice pleading* standards. *See, e.g., Cooper Ins. Agency Center, L.L.C. v. Mourer-Foster, Inc.*, No. 5:05-cv-56, 2005 WL 3289345, *1 (W.D. Mich. Dec. 5, 2005) (internal footnote omitted) ("Rule 12(e) motions are disfavored by most courts and are rarely granted in view of the notice pleading standards of Rule 8(a)(2) and the availability of a variety of pretrial discovery procedures.").

**First, Plaintiff's complaint contains "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).** Even if Plaintiff does not appear to cite the diversity jurisdiction statute, it is clear that she asks this Court's adjudication of her complaint on the bases that "the matter in controversy exceeds the sum or value of $75,000," and that she and Defendant are "citizens of different States[.]" 28 U.S.C. § 1332(a)(1). In fact, she expressly states that "the parties are located in different states and the claim of damages i[s] more than $75,000." (DE 1 ¶ 4.) In addition, Plaintiff lists her claim of damages as $113,728.48 and repeats this amount at least two other times in the complaint. (DE 1 at 2 ¶ 5, DE 1 at 6, DE 1 at 10 ¶ 27.) She also details "legal fees paid to Defendants in the amount of $28,000," and "payment of an imposed Sanction in the amount of $42,864.24 . . . [,]" presumably imposed by the December 2015 order. (DE 1 ¶ 26.) In the instant motion, Defendant questions whether Plaintiff

5

has met the amount in controversy requirement of Section 1332(a) and contends that the complaint "does not provide sufficient information concerning plaintiff's damages . . . ." (DE 7 ¶¶ 11-12.) Any such argument is more properly presented in a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. Moreover, Defendant can assert this as an affirmative defense on information and belief and use discovery to determine if there is a jurisdictional issue. "A motion for a more definite statement is not a substitute for the discovery process." *Wheeler v. U.S. Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987).

**Second, Plaintiff's complaint contains "a short and plain statement of the claim showing that the leader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).** In an extensive paragraph spanning 3 pages, Plaintiff sets forth her allegations that Defendant was "negligent and or committed malpractice and breached fiduciary dues to Plaintiff . . . [,]" beginning with the issuance of a subpoena on January 17, 2014. (DE 1 at 3-5; *see also* DE 1 ¶ 9.) Moreover, Plaintiff's complaint delineates two causes of action: **(1)** a seeming professional malpractice/negligence claim, and **(2)** a breach of fiduciary duty claim. (DE 1 at 6-10.) Plaintiff's complaint is not "so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fidelity Financial Services, Inc.*, 869 F.Supp. 557, 560 (N.D. Ill. 1994).

**Third, Plaintiff's complaint contains "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3).** The final page of her complaint sets forth a prayer for relief, including actual damages, exemplary damages, interest and costs. (DE 1 at 11.)

    5.    **Conclusion**

Plaintiff's complaint having satisfied the notice pleading standards of Fed. R. Civ. P. 8(a), Defendant's motion for more definite statement will be denied. *See, e.g., Frederick v. Federal-Mogul, Inc.*, No. 06-11549-BC, 2007 WL 2081389, *2 (E.D. Mich. July 20, 2007) (denying a Rule 12(e) motion for more definite statement where Plaintiff had met "the liberal pleading requirements of Rule 8(a)" and where "any lack of detail in the amended complaint [could] be cured in discovery."). The question of whether Plaintiff's claims are "so vague or ambiguous that the party cannot reasonably prepare a response[,]" Fed. R. Civ. P. 12(e), should not be confused with the questions of whether Plaintiff's claims are meritorious, supported by evidence, state a claim, are properly pleaded or invoke jurisdiction. Moreover, a court "often considers whether the movant has knowledge of the information sought." 2-12 Moore's Federal Practice – Civil § 12.36. *See also Casanova v. Ulibarri*, 595 F.3d 1120 (10th Cir. 2010). Defendant's motion demonstrates that it does, even if it will require some

discovery to obtain more. Furthermore, its motion shows that it already knows what questions to ask in that process.

## II. ORDER

Accordingly, Defendant's motion for a more definite statement (DE 7) is **DENIED**. Defendant shall answer or otherwise plead in response to Plaintiff's complaint on or before **Monday, October 15, 2017**.

**IT IS SO ORDERED.**

Dated: September 21, 2017
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on September 21, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti