UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELE MAYER,

        Plaintiff,                      Case No. 2:17-cv-12333
                                          District Judge Laurie J. Michelson
v.                                         Magistrate Judge Anthony P. Patti

HOWARD N. WEINER,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO MAKE HERSELF AVAILABLE FOR DEPOSITION IN THIS DISTRICT (DE 20)**

Defendant filed this motion to compel Plaintiff to give her deposition in this District, in lieu of Florida where she resides. (DE 20.) Plaintiff has filed a response (DE 21), and Defendant has now filed his reply (DE 25). The Court has reviewed the briefs, attachments, and cited case law. For the reasons that follow, Defendant's motion is **GRANTED.**

First, Plaintiff is the one who initiated this action and chose to bring it in this Court. The choice of forum was proper, as Defendant apparently resides in and practices law in this District. In light of the facts pleaded, it is unlikely that personal jurisdiction could have been obtained elsewhere or that any other district would have been a convenient forum for Defendant. In any case, the "law is clear that Plaintiff must make [her]self available for deposition in the place where [s]he

has brought the action absent a showing of unreasonable hardship." *Atifah v. Union Sec. Ins. Co.*, 2008 U.S. Dist. LEXIS 52032, *2 (E.D. Mich. July 8, 2008) (Pepe, M.J.), *citing, Societe Civil Succession Richard Guiono v. Beseder Corp.*, 2007 U.S. Dist. LEXIS 83782 (D. Ariz. 2007); *see also, Slade v. Transatlantic Financing Corp.*, 21 F.R.D. 146, 146-47 (S.D.N.Y. 1957) ("The rule is well settled that a non-resident plaintiff who chooses the forum makes himself available to examination here in the absence of unreasonable hardship or the presence of special circumstances."). Plaintiff did choose to litigate here, to avail herself of access to this Court, and to submit to its requirements. The general rule is that since she has "chosen [this] forum [she] cannot later argue that it would be too burdensome to appear for discovery" here. *Attifah* at *4, *citing Prozina Shipping Co. v. Thirty-four Automobiles*, 179 F.R.D. 41, 47-48 (D. Mass. 1998). Plaintiff should have expected to have to come here at various times during this litigation, including for her deposition, hearings, pretrial and settlement conferences, and, ultimately, for trial.

Second, Plaintiff has failed to establish an undue burden in being required to appear here for her deposition, nor has she shown any special circumstances which would excuse her presence. As Defendant points out, although Plaintiff represents to the Court that her annual income is a mere $24,000 per year, she fails to note that, pursuant to an October 12, 2016 consent order entered by the Oakland County

Circuit Court (DE 25-2), she has been at the receiving end of $305,000 in spousal support payments over the past 18 months.

Third, the Court agrees with Defendant that "it is unclear why Mayer believes she will need to stay in a hotel for three days for a one-day deposition." (DE 25 at 3.) The Court further agrees that, "[a]t most, Mayer would need to secure a hotel for one evening – which is an expense that she should have anticipated when filing suit here." (*Id.*) Moreover, the Court takes judicial notice of the fact that discount airlines, such as Spirit Airlines and Jet Blue, run frequent, daily flights between various points in Florida and Detroit. Fed. R. Evid. 201.

Fourth, as Defendant points out, given the recent timing of her Michigan divorce, it is likely that Plaintiff has relatives or friends in this state with whom she could stay. Although Defendant points to the Oakland County Circuit Court docket sheet (DE 25-3) as evidence that Plaintiff has personally attended relatively recent hearings related to her divorce, this is less than clear from the document provided; however, it is apparent that Plaintiff has continued to litigate one county away from this courthouse without any obvious hardship.

Fifth, in light of the nature of the claims pleaded, it is quite likely that Plaintiff's deposition will involve numerous documentary exhibits. It would create an unreasonable logistical inconvenience, if not make the deposition impossible, if this Court were to require or permit it to be taken remotely, as Plaintiff suggests.

Nor should Defendant – who has not chosen to be sued and who, as a named party, is entitled to attend the deposition in person – be required to travel to Florida to do so, let alone pay for his attorney to do so.

Accordingly, Defendant's motion is **GRANTED,** and **IT IS HEREBY ORDERED** that Plaintiff shall make herself available for her deposition at a mutually agreeable location on a mutually agreeable date in either Wayne or Oakland Counties within **45 days of the date of this Order**. The Court declines to grant costs or sanctions, because Plaintiff, who is *pro se*, was not refusing *to give* her deposition; rather, she was questioning *its location* and arguing a valid exception to the general rule, even if the Court did not find it applicable here. Under these circumstances, the Court finds that an award of costs, sanctions or expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii-iii). Still, Plaintiff is directed to read Fed. R. Civ. P. 11 and 37 in their entirety, reminded that complete candor to the Court is required at all times, and put on notice that all representations made in court filings or on the record must be accurate and complete.

It is **SO ORDERED.**

Dated: January 25, 2018        s/Anthony P. Patti
                               **Anthony P. Patti**
                               **UNITED STATES MAGISTRATE JUDGE**

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on January 25, 2018, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti